**No. 50898.**—Protest 87684–K of B. R. Anderson & Co. (Seattle).

Opinion by TILSON, J.   At the trial a sample of the merchandise was admitted in evidence as exhibit 1.   From the testimony of plaintiff's witness it appeared that the imported merchandise is a hand saw; that it is of tubular construction in the frame, is adjustable to any length of hacksaw blade, has an excellently designed handle for a mechanic and a wonderful balance; that in this case there was a complete assemblage, less the blade; and that by a complete assemblage he meant the frame, the handle, and the adjusting bolts with which the blade is held.   Upon the evidence it was held that the imported merchandise is nothing more than hacksaw frames, i. e., parts of hacksaws.   Since neither paragraph 340 nor T. D. 47785 makes any provision for parts of saws of any kind, all claims of the plaintiff were overruled.

**No. 50899.**—Protests 1531–K, etc., of Empire Glove Co., Inc., et al. (New York).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, FEBRUARY 20, 1946

**No. 50900.**—Protest 53436–K of Fashion Park, Inc. (Rochester).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protest was sustained to this extent.